IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONTINENTAL CASUALTY COMPANY :
: CIVIL ACTION
v. : NO. 16-5299
:
WESTFIELD INSURANCE COMPANY :

O'NEILL, J.                                                    April 24, 2017

## MEMORANDUM

Plaintiff Continental Casualty Company brings this breach of contract and equitable contribution action against defendant Westfield Insurance Company seeking indemnification and defense of its insured in a state court negligence proceeding. Continental Casualty claims breach of contract (Count I) and equitable contribution (Count II) and requests declaratory judgment (Count III). See Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. Dkt. No. 1 (Compl.). Westfield has moved to dismiss all claims. Dkt. No. 8. After determining that federal jurisdiction is appropriate in this action, I will grant Westfield's motion because I find that the underlying state complaint does not trigger Westfield's duty to defend.

## BACKGROUND

**I.    The State Suit**

On January 26, 2011, Raymond and Mary McCormick filed a negligence action in the Court of Common Pleas for Montgomery County Pennsylvania alleging that Raymond McCormick had slipped and fallen outside at a commercial property. Compl. ¶¶ 5, 12 and Compl. Ex. 3, Dkt. No. 1-2 at ECF p. 92 (McCormick Compl., McCormick v. Giant Food Stores, No. 2011-1968, Ct. Com. Pleas (Montgomery) Jan. 26, 2011). The McCormicks sued the manager for the commercial property, Goldenberg Management Inc., as well as other defendants, for negligent failure to remove snow and ice. Id. Goldenberg then filed a joinder complaint

against H&R Landscaping. Compl. ¶¶ 6, 17 and Compl. Ex. 4 (Dkt. No. 1-2 at ECF p. 106) (Joinder Compl., McCormick v. Giant Food Stores, No. 2011-1968, Ct. Com. Pl. (Montgomery) Mar. 13, 2012). Goldenberg alleged that it had contracted with H&R Landscaping "to perform snow and ice removal" on the commercial property at the time surrounding the accident. Joinder Compl. ¶ 4. It further alleged that "[i]f plaintiff is able to prove that there . . . was a defect in the parking lot due to an accumulation of snow and ice, additional Defendant, H&R Landscaping, Inc., would be responsible for that condition." Id. at ¶ 5. Goldenberg asserted claims for negligence, breach of contract, contribution and indemnification against H&R Landscaping. Id. at ¶¶ 9–22.

In July 2015, the Court of Common Pleas denied H&R Landscaping's motion for summary judgment. Dkt. No. 15 (Continental Casualty's Supp. Br. in Opp. to Mot. to Dismiss) at Ex. A (H&R Landscaping Mot. for Summ. J., McCormick v. Giant Food Stores, No. 2011-1968, Ct. Com. Pleas (Montgomery) Mar. 20, 2015), Ex. B (Order, McCormick v. Giant Food Stores, No. 2011-1968, Ct. Com. Pleas (Montgomery) July 29, 2015). Trial in the state case is scheduled for November 13, 2017. Dkt. No. 16, Ex. A (Docket for McCormick v. Giant Food Stores, No. 2011-1968, Ct. Com. Pleas (Montgomery)).

**II.     The Federal Suit**

Continental Casualty, Goldenberg's insurer, has been defending Goldenberg in the state action. Compl. ¶ 19. Continental Casualty requested that Westfield, H&R Landscaping's insurer, defend and indemnify Goldenberg instead based on 1) the Subcontract between Goldenberg and H&R Landscaping, Compl. Ex. 1 (Dkt. No. 1 at ECF p. 12) (Master Contractor-Vendor Agreement—Snow Removal, October 2009) (the Subcontract) and 2) the insurance policy issued by Westfield to H&R Landscaping, Compl. Ex. 2 (Commercial Insurance

Coverage, Policy No. TRA 8253660) (the H&R Policy). Id. at ¶¶ 6–13, 21. When Westfield refused to defend and indemnify Goldenberg, Continental Casualty brought this action in federal court. Id. at ¶ 22. Neither insurance company, i.e. Westfield or Continental Casualty, is a party in the underlying state lawsuit.

The H&R Policy has an Additional Insured Endorsement that provides:

> Who is an Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.

H&R Policy, Dkt. No. 1-1 at ECF p. 25 (Additional Insured Endorsement). The policy also provides that Westfield:

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

H&R Policy, Dkt. No. 1 at ECF p. 155.

The Subcontract between Goldenberg and H&R Landscaping, under which H&R Landscaping agreed to remove snow and ice from the property in question, provides:

> Throughout the Term, and for so long as [H&R Landscaping] is rendering Services, [H&R Landscaping] shall maintain the insurance coverages set forth below, at its sole cost and expense, covering the activities of [H&R Landscaping], its employees, agents and subcontractors under this Agreement . . . .
>
> [. . . .]

3

> [H&R Landscaping] shall deliver certificates evidencing such
> insurance coverage to Owner upon commencement of the Term
> . . . . The certificate(s) shall show that Owner and [Goldenberg]
> (including all participating affiliates) are named as additional
> insured(s) as their interest may appear with respect to this
> Agreement under the liabilities policies . . . . [H&R
> Landscaping's] insurance shall be deemed primary and not excess
> or contributory with any insurance maintained by Owner or
> [Goldenberg] with respect to [H&R Landscaping's] liability under
> this Agreement.

Subcontract, Dkt. No. 1 at ECF p. 24; see also Compl. ¶¶ 7–9, 21.

Continental Casualty maintains that the allegations in the McCormicks' complaint in state court "reflect that the incident was alleged to have been caused 'in whole or in part' by H&R's acts or omissions relating to snow and ice removal." Id. ¶ 21.

**STANDARD OF REVIEW**

In order to state a claim, a pleading must contain: 1) "a short and plain statement of the grounds of the courts' jurisdiction" and 2) "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."[1] Fed. R. Civ. P. 8(a). Before addressing a motion to dismiss, a court must first establish that it has jurisdiction over the action. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). "Without jurisdiction the court cannot proceed at all in any cause." Id.

If a court has jurisdiction, it can proceed to address whether the plaintiff has stated a claim showing entitlement to relief. Rule 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. Rule 12(b)(6). A plaintiff's obligation to state the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." In

---

[1] The pleading must also contain a demand for the relief sought, a requirement not at issue in this motion.

reviewing a motion to dismiss, the court must accept all of the plaintiff's allegations in the complaint as true and assess whether they have a legal basis. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## DISCUSSION

### I. Jurisdiction

Courts employ different standards to determine whether asserting jurisdiction is appropriate depending on whether the claims before them seek declaratory or nondeclaratory relief. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). Under the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added). This statute confers "discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. at 287. Employing this discretion, a district court is "under no compulsion to exercise . . . jurisdiction," Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942), and is guided by a number of factors in determining whether such exercise is appropriate. Reifer v. Westport Ins. Corp., 751 F.3d 129, 139 (3d Cir. 2014). But when a plaintiff brings a claim for damages (as opposed to declaratory relief), courts have a "virtually unflagging obligation" to exercise jurisdiction. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

When an action seeks both declaratory and nondeclaratory or monetary relief, the Court of Appeals recently determined that a district court should determine whether its exercise of jurisdiction is appropriate by considering whether the nondeclaratory claims are "independent" of the declaratory claims. Rarick v. Federated Serv. Ins. Co., __ F.3d ___, 2017 U.S. App. LEXIS 5374 at *9–10, 12 (3d Cir. Mar. 28, 2017), citing R.R. St. & Co., Inc. v. Vulcan Materials Co., 569 F.3d 711, 716–17 (7th Cir. 2009). If the declaratory claims are independent, the court should exercise jurisdiction over the nondeclaratory claims unless there are other independent grounds for abstention, such as under the Colorado River abstention doctrine.[2] Id. If jurisdiction over the nondeclaratory claims is proper, the court should retain the independent declaratory claims as well "in order to avoid piecemeal litigation." Id. at *10. But where the declaratory claims are not independent, the court should exercise its discretion under the Declaratory Judgment Act consistent with Brillhart to determine whether jurisdiction is appropriate over the entire action. Vulcan Materials, 569 F.3d at 716–17.

### A. The Rarick "Independent Claim Test"

Under the "independent claim test" set forth in Rarick, Continental Casualty's claims for monetary relief are independent of its claim for declaratory relief. "Nondeclaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief." Rarick, 2017 U.S. App. LEXIS 5374 at *9, quoting Vulcan Materials Co., 569 F.3d at 716–17. In other words, the claims are independent of each other if and only if: 1) the district court would still

---

[2] Under Colorado River Water Conservation District v. United States, a federal court may abstain when there is parallel state litigation over the same or similar parties and claims and "repair to the state court would clearly serve an important countervailing interest" based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 813.

6

have jurisdiction over the plaintiffs' claims that seek monetary relief if the declaratory claim were dropped from the case and 2) the requested declaratory relief is not a prerequisite to resolution of the monetary claims. Vulcan Materials, 569 F.3d at 717. [3] The nondeclaratory or monetary claims must "stand alone in federal court—both jurisdictionally and substantively—irrespective of the declaratory claim." Id.

### 1. Jurisdictional Independence

This court would have jurisdiction over Continental Casualty's breach of contract and equitable contribution claims seeking monetary relief independent of its claim for declaratory

---

[3] In adopting the independent claim test, the Court of Appeals was motivated by a concern about forum shopping. Rarick, 2017 U.S. App. LEXIS 5374 at *13. Although that concern is not present here, I will still apply the independent claim test.

The court in Rarick explained the independent claim test is consistent with the purpose of the Declaratory Judgment Act, which was to "*enlarge* the range of remedies available in the federal courts by authorizing them to adjudicate rights and obligations even though no immediate remedy is requested." Id. (emphasis in original) (internal quotation and alteration marks omitted). The court noted that, previously, the purpose of the Act had been subverted by plaintiffs attempting to "*avoid* federal subject matter jurisdiction" by adding claims for declaratory relief, thereby invoking Brillhart's discretionary jurisdiction, under which a federal court is more likely to remand or dismiss an action. Id. The plaintiffs in each of the consolidated cases considered in Rarick originally brought their claims in state court. Id. at *3 (discussing Rarick), id. at *5 (discussing another case, which was consolidated on appeal with Rarick). The defendants removed the cases to federal court, suggesting that the plaintiffs may have added claims that would increase their chances of being able to convince the court to remand the case to state court. Id. The "independent claim test" prevents this forum shopping by only applying Brillhart's broader discretion to dismiss (or remand) an action where the claims for which the plaintiff seeks damages are "viable in federal court regardless of the declaratory claim." Vulcan Materials, 569 F.3d at 716.

Here, unlike in Rarick, there is no concern that Continental Casualty added the Declaratory Judgment Act claim in order to avoid the federal forum. Rather, Continental Casualty brought its claims in federal court originally. And neither party before me has sought dismissal on abstention grounds. Still, Rarick notes district courts' "'virtually unflagging obligation' to hear [independent legal] claims, subject of course to Colorado River's exceptional circumstances." Rarick, 2017 U.S. App. LEXIS 5375 at *12. Considering this language, and considering that the Court of Appeals in Rarick does not suggest that a different standard should be applied absent forum shopping concerns, I will apply the independent claim test.

7

relief. Nondeclaratory claims are jurisdictionally independent of declaratory claims "when they are alone sufficient to invoke the courts' subject matter jurisdiction." Rarick, 2017 U.S. App. LEXIS 5374 at *9. Continental Casualty's state law claims for damages satisfy diversity jurisdiction under 28 U.S.C. § 1332. Continental Casualty alleges it has already spent over $100,000 defending Goldenberg in the state negligence action, which began more than six years ago.[4] Compl. ¶ 26 and Ex. 3 (Dkt. No. 1-2 at ECF p. 88) (McCormick Compl.). The parties before me are diverse, as Continental Casualty has its principal place of business and is incorporated in Illinois and Westfield has its principal place of business and is incorporated in Ohio. Compl. ¶¶ 1, 2. Thus, Continental Casualty's breach of contract and equitable contribution claims are jurisdictionally independent of its declaratory judgment claim.

### 2. Substantive Independence

Continental Casualty's legal claims are also substantively independent of its declaratory claim. Nondeclaratory claims are substantively independent of declaratory claims when they "can be adjudicated without the requested declaratory relief." Rarick, 2017 U.S. App. LEXIS 5374 at *9. Where the monetary claims would continue to exist if "the request for a declaration simply dropped from the case," the claims are independent. Vulcan Materials, 569 F.3d at 716 n.6, quoting Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1168 (9th Cir. 1998); see also Zivitz v. Greenberg, No. 98-5350, 1999 U.S. Dist. LEXIS 6136, at *9 (N.D. Ill.

---

[4] These facts also make Continental Casualty's claims ripe. Plaintiff's claims are based not on the duty to indemnify alone, but on both a duty to indemnify and a duty to defend. Where a plaintiff requests relief on the basis of both of these obligations, they are ripe. See ACandS, Inc. v. Aetna Casualty & Surety Co., 666 F.2d 819, 822–23 (3d Cir. 1981) (finding claims seeking a declaration on the defendant's duty "to defend the underlying suits and to pay the resultant judgments" ripe); see also Step-Saver Data Sys., Inc. v. Wyse Tech., 912 F.2d 643, 647–50 (3d Cir. 1990) (finding that the obligation to defend had not arisen, and that this distinguished the facts before it from those in ACandS v. Aetna Casualty).

Apr. 9, 1999) (applying discretion under the Declaratory Judgment Act to an action in which the plaintiffs' "damage claim demands adjudication only if they prevail on their declaratory action").

Claims can be substantively independent even though they are based on the same underlying legal obligation. While Rarick itself did not address such a situation,[5] the decision from which Rarick derives the independent claim test was faced with that question. See Vulcan Materials, 569 F.3d at 716–17. In Vulcan Materials, the insurance company plaintiffs sought monetary damages for breach of contract, common law indemnity and promissory estoppel based on "Vulcan's refusal to defend and indemnify Street in the underlying lawsuits." Id. at 713–14. The plaintiffs also brought a claim for declaratory relief "asking the district court to declare that Vulcan owes defense and indemnity obligations to Street in the underlying lawsuits" on the basis of the same common law obligations. Id. at 714.[6] The Court of Appeals for the Seventh Circuit held that "the requested declaratory relief is not a prerequisite to resolution of [the monetary] claims." Id. at 717; see also CastlePoint Nat'l Ins. Co. v. Boyer-Rosene Moving & Storage, Inc., No. 13-3885, 2014 U.S. Dist. LEXIS 167177 at *8 (applying Colorado River abstention and retaining jurisdiction where one plaintiff sought reimbursement for money paid to settle a damages claim on the basis of equitable subrogation, contribution and unjust enrichment, and another sought a declaration of its obligations under an insurance policy).

---

[5] In Rarick, the plaintiff sought a declaration that his insurance company was required to provide him with uninsured motorist coverage under a Pennsylvania statute and damages for breach of contract for failing to provide him with such coverage. 2017 U.S. App. LEXIS 5374 at *3.[5] The claims were based on different underlying legal obligations: the breach of contract claim was based on the defendant's obligation under Pennsylvania's common law of contracts, while the declaratory claim was based on the defendant's obligation under a Pennsylvania statute. Id. at *14.

[6] See also R.R. St. & Co. v. Vulcan Materials Co., No. 08-1182, 2008 U.S. Dist. LEXIS 60586 at *1–3 (N.D. Ill. July 31, 2008) (describing the plaintiffs' claims).

9

Continental Casualty's claims for monetary relief are substantively independent of its claim for declaratory relief, even though they stem from the same underlying legal obligations. As in Vulcan Materials, plaintiff here asserts a legal claim for breach of contract, an equitable claim (here, for contribution) and a claim under the Declaratory Judgment Act. All claims center around the objective of obtaining money damages for a past refusal to defend and a declaration to prevent such refusal in the future. But even though the claims are based on the same legal obligations, they are substantively independent because they can be adjudicated without adjudicating the requested declaratory relief.

As Continental Casualty's claims seeking legal relief and those seeking declaratory relief are both jurisdictionally and substantively independent, I will exercise jurisdiction over this action absent a reason to abstain under the Colorado River doctrine.

B.     **Abstention under Colorado River**

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" by Congress. Colorado River, 424 U.S. at 817. However, federal district courts may abstain from hearing cases and controversies seeking legal relief under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Id. at 813 (internal quotation marks omitted). Thus, under certain limited circumstances, a federal court may defer to parallel pending state court proceedings based on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. Because I do not find the underlying state action to be "parallel" for the purposes of Colorado River, I need not address the additional factors regarding wise judicial administration.

Cases are "parallel" when they involve: 1) "'substantially identical' claims, raising 'nearly identical allegations and issues'" and 2) the same parties. Yang v. Tsui, 416 F.3d 199, 204 n.5 (3d Cir. 2005), quoting Timoney v. Upper Merion Twp., 66 F. App'x 403, 405 (3d Cir. 2003). "[I]t is important . . . that only truly duplicative proceedings be avoided. When the claims, parties, or requested relief differ, deference may not be appropriate." Trent v. Dial Med., 33 F.3d 217, 224 (3d Cir. 1994), quoting Bankers Trust Co. v. Bethlehem Steel Corp., 636 F.2d 37, 40 (3d Cir. 1980). "[G]enerally, the pendency of a case in state court will not bar federal litigation of a case concerning the same issues if the federal court has jurisdiction over the case before it." Trent, 33 F.3d at 223. I find that the underlying state negligence case presents neither the same claims nor the same parties.

1. **Identity of Claims**

The claims in the state and federal actions are insufficiently identical for the cases to be considered parallel. "[W]hen a federal court case involves claims that are distinct from those at issue in a state court case, the cases are not parallel and do not justify Colorado River abstention." Trent, 33 F.3d at 224. Where the claims in state court involve allegations with fewer legal bases for relief than the federal court suit, this weighs against a finding that the claims are sufficiently identical. Id. (explaining that a state court lawsuit was not parallel to a federal suit in part because the state court plaintiff "alleged fewer legal bases for relief than did the federal court suit"), summarizing Univ. of Md. v. Peat Marwick Main & Co., 923 F.2d 265, 268–69 (3d Cir. 1991).

The Court of Appeals in University of Maryland v. Peat Marwick Main & Co. considered claims by a class of insurance policyholders against their insurer's independent auditor for giving wrongful opinions and certifications about their insurer's financial condition. 923 F.2d at 267.

There was a concurrent pending state action that involved claims brought by Pennsylvania's Insurance Commissioner on behalf of the policyholders, the insurance company and creditors against the auditor. Id. at 268. The federal policyholder complaint stated more causes of action than the state complaint: the federal complaint contained six counts, including a RICO claim and a claim for breach of certain duties to the policyholders. Id. at 268–69. In contrast, the Commissioner's state complaint contained just three counts and only sought damages for the auditor's breach of the duties owed to the insurance company, not to the policyholders. Id. These differences meant that the claims were not sufficiently identical for the actions to be parallel. Id. at 276. "[W]hile certain issues to be litigated in the policyholders' federal claim may be identical to issues that have been or will be raised by the Commissioner in state court, the lack of identity of all issues necessarily precludes Colorado River abstention." Id. at 276.

Here, the state and federal complaints appear, at first glance, to involve the same legal claims. First, both actions include a breach of contract claim under the Subcontract for the refusal to defend and indemnify Goldenberg in the McCormick lawsuit. Joinder Compl. ¶¶ 6, 16, 17. Second, both actions include a claim for equitable contribution. See id. ¶¶ 20–22.

However, the state Joinder Complaint does not include allegations with respect to Goldenberg's rights under the H&R Policy—it only includes allegations with respect to Goldenberg's rights under the Subcontract. Thus, the breach of contract claim in the state action is different from the breach of contract claim in the action before me, as only in the action before me is there a claim for breach of the H&R Policy. Moreover, this claim could not easily be brought in the state action. Continental Casualty claims the H&R Policy gives rights to Goldenberg against Westfield, not H&R Landscaping. The argument before me now that Goldenberg has a right to be defended and indemnified as an additional insured under the H&R

12

Policy's Additional Insured Endorsement could not be raised in the state action without adding Westfield as a party.[7] For that reason, the claims are insufficiently identical for the cases to be considered parallel.

### 2. Identity of Parties

The parties in the state and federal actions are also insufficiently identical for the cases to be considered parallel. "Although the parties in each case need not be completely identical . . . cases are typically 'parallel so as to justify abstention under Colorado River when they involve the same parties.'" Lydon Millwright Servs. v. Ernest Bock & Sons, Inc., No. 11-7009, 2013 U.S. Dist. LEXIS 98104, *7 (E.D. Pa. July 15, 2013) (internal alterations and citations omitted), quoting Trent, 33 F.3d at 223; see also IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 306 (3d Cir. 2006). In Trent v. Dial Medical, the Third Circuit determined that the parties in each were "essentially identical," which satisfied parallelism. 33 F.3d at 224 (applying Colorado River abstention where plaintiffs were putative classes defined in similar, though not identical, ways); see also Certain Underwriters v. Ross, No. 98-1037, 1998 U.S. Dist. LEXIS 9665 at *7 (E.D. Pa. June 17, 1998) (considering a claim by an insurer for declaratory judgment against the insured while a breach of contract claim was pending in state court and finding that "the state court action involves a different party, different claims and different remedies. Thus, although at first blush it is tempting to conclude that the two actions are parallel because they involve similar issues, they are not 'truly duplicative'") quoting Trent, 33 F.3d at 223; Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc., 408 F.3d 248, 252 (5th Cir. 2005) (finding that, "while

---

[7] Additionally, though less significantly, in the action before me Continental Casualty requests declaratory judgment under the federal Declaratory Judgment Act; whereas, there is no request for declaratory judgment in the state action.

13

the two suits share some issues," the presence of an additional party in the federal suit and the lack of a claim for restitution in the state action meant the proceedings were not parallel).

Neither of the parties before me now is a party in the state court action. It is true that Continental Casualty's rights and interests in the federal action are so similar to Goldenberg's in the state action that Continental Casualty may be effectively the real party in interest in the state action. But the same is not true of Westfield. Westfield may have interests in the federal action that conflict with H&R Landscaping's interests in the state action—for example, Westfield's interest in the action before me is to avoid liability under the H&R Policy, whereas H&R Landscaping's interest in the state action is to maintain indemnification and defense under that policy. Therefore, Westfield is not effectively the same party as H&R Landscaping. These two actions do not satisfy the identity of parties requirement necessary for the two actions to be parallel under Colorado River.

Because of the absence of a parallel state action under Colorado River, I will exercise jurisdiction over the legal claims before me. And, in order to avoid piecemeal litigation, I find there is no reason to abstain from the exercise of jurisdiction over Continental Casualty's declaratory claim.

## II. Motion to Dismiss for Failure to State a Claim

Having established the Court's jurisdiction over Continental Casualty's claims, I now assess Westfield's motion to dismiss on the merits, interpreting the language of the Subcontract and the H&R Policy "to determine whether the factual allegations in the underlying complaint 'potentially' trigger coverage" for Goldenberg in the McCormick case. Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 669 (3d Cir. 2016). In making this determination, I "view the factual allegations in the underlying [McCormick] complaint as true and liberally construe them

14

in [Goldenberg's] favor as the insured." Id. However, I conclude that the underlying state action could not trigger coverage because the McCormick Complaint contains no allegations about H&R Landscaping. Therefore, Continental Casualty has not alleged a breach of any contractual duty, as it must to state a claim.

In assessing the duty to defend under Pennsylvania law, a court must look only within the "four corners" of the underlying complaint against the insured. Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co., 908 A.2d 888, 896–97 (Pa. 2006) (describing this "long-standing rule" in Pennsylvania). A court is not permitted to consider extrinsic evidence. Id. "[T]he obligation of a casualty insurance company to defend an action brought against the insured is to be determined solely by the allegations of the complaint in the action." Id. at 896. The underlying complaint need not establish with certainty that the insurer will have a duty to indemnify the insured, but must merely demonstrate a "potential" that the claim falls within the insurance policy's coverage. Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 541 (Pa. 2010).

When an additional insured under a policy seeks defense and indemnification but the original complaint does not include allegations against the named insured, a "third party complaint cannot be used to bolster the allegations in the original complaint and thereby trigger [the insurance company's] duty to defend [the additional insured in the] original lawsuit." Dale Corp. v. Cumberland Mut. Fire Ins. Co., No. 09-1115, 2010 U.S. Dist. LEXIS 127126 at *25 (E.D. Pa. Nov. 30, 2010). In Dale Corp. v. Cumberland Mutual, the plaintiff in the state action alleged he had been working as an electrician at a construction site, operating a "Genie lift," when he was shocked by an uninsulated overhead power line. Id. at *5. He brought claims against the site's construction manager but made no allegations about or claims against the

15

subcontractor who had provided the Genie lift.  Id.  The subcontract with the construction manager required the subcontractor's insurer to defend and indemnify the construction manager for any liability for "bodily injury" or "property damage" "caused, in whole or in part" by the subcontractor's actions.  Id. at *4.  The construction manager filed a joinder complaint against the subcontractor seeking contribution and indemnification, alleging that the subcontractor's negligent failure to secure the Genie lift caused the plaintiff's injuries.  Id. at *23–26.[8]  The construction manager's insurer then brought a federal action seeking defense and indemnification in the underlying action, arguing that the insurance policy covered the construction manager as an additional insured.  Id. at *4.

Referring to Pennsylvania's "four corners" rule, the court in Dale explained that "[b]ecause the first complaint contained no allegations that [the subcontractor's] acts or omissions were the proximate cause of [the state plaintiff's] injury, the first complaint did not give rise to [the insurer's] duty to defend."  Id. at *24.  Neither did the joinder complaint trigger this duty on its own because the construction manager "was the plaintiff, not the defendant, in the third party action."  Id. at *25.  Under Pennsylvania's four corners rule, "the third party complaint cannot be used to bolster the allegations to the original complaint and thereby trigger" the insurance company's duty to defend the state action defendant.  Id.[9]

---

[8] See Dale Corp. Joint Stipulation of Undisputed Material Facts, Ex. B (Defendant Dale Corp. Joinder Compl.), Nov. 30, 2009, Dale Corp., No. 09-1115, ECF Dkt. No. 24-1 at 19–24.

[9] Some states have applied an exception to the four corners rule in the circumstances that existed in Dale and that exist here and considered extrinsic evidence when it is information of which the insurer was aware before it denied coverage.  See Revelation Ind. Inc. v. St. Paul Fire & Marine Ins., 206 P.3d 919, 926 (Mont. 2009) ("[I]nsurers are not entitled to simply ignore factual information supplied to them by their insureds but not alleged in the complaint or petition, where those facts would trigger a duty to defend."); Fitzpatrick v. Am. Honda Motor Co., Inc., 575 N.E.2d 90, 92 (N.Y. 1991) ("[W]here the insurer is attempting to shield itself from the responsibility to defend despite its actual knowledge that the lawsuit involves a covered event, wooden application of the 'four corners of the complaint' rule would render the duty to

16

The circumstances now before me are similar to those in Dale. The McCormick Complaint does not name H&R Landscaping as a defendant. Even after Goldenberg filed the Joinder Complaint in 2012, the McCormicks did not amend their complaint to add claims against H&R Landscaping. Indeed, there are no allegations about H&R Landscaping in the McCormick Complaint at all. See Dkt. No. 1-2 at ECF p. 92. H&R Landscaping is only a defendant in the state action by virtue of Goldenberg's Joinder Complaint, which connects the reference to snow and ice in the McCormick Complaint to H&R Landscaping's contractual duty to remove snow and ice from the parking lot. Similarly in Dale, only the joinder complaint connected the reference to the Genie lift to the subcontractor who provided the lift at the site. 2010 U.S. Dist. LEXIS 127126 at *25. Following Dale, the Joinder Complaint is extrinsic evidence and cannot be used to bolster the additional insured's efforts to obtain defense and indemnification from the insurance company. Although the plaintiff-insurer in Dale may have relied on the third party complaint more heavily than Continental Casualty relies on the Joinder Complaint here—i.e., by using it to bolster allegations that the Genie lift caused the plaintiff's injuries—both third party complaints still fall outside Pennsylvania's four corners rule.

Additionally, the Joinder Complaint cannot trigger Westfield's duty to defend because Goldenberg is a plaintiff with respect to those claims, not a defendant. See id. at *25. Moreover, under the plain language of the H&R Policy—language nearly identical to that at issue in Dale—Westfield's duty to defend and indemnify can only be triggered by "damages because of 'bodily

---

defend narrower than the duty to indemnify—clearly an unacceptable result. For that reason, courts and commentators have indicated that the insurer must provide a defense if it has knowledge of facts which potentially bring the claim within the policy's indemnity coverage."); see also Pekin Ins. Co. v. Wilson, 90 N.E.2d 1011, 1020–23 (Ill. 2010) (considering extrinsic evidence for the purpose of evaluating a self-defense exception to a policy exclusion). However, Pennsylvania courts have not addressed this exception.

17

injury' or 'property damage' to which this insurance applies." H&R Policy, Dkt. No. 1 at ECF p. 155. The Joinder Complaint does not itself allege damages because of bodily injury or property damage; rather, it references the damages alleged in the McCormick complaint and seeks indemnification and contribution. Joinder Compl., Dkt. No. 1-2 at ECF p. 107. Thus, applying Pennsylvania's four corners rule, Continental Casualty does not show that Westfield had a contractual duty to defend Goldenberg in the underlying state action.

Continental Casualty does not cite—and I was unable to find—any cases since <u>Dale</u> that narrow the four corners rule in a way relevant to the facts before me. In support of its argument that an additional insured can be entitled to coverage even when the named insured is not named as a defendant in the underlying complaint, Continental Casualty cites <u>Ramara v. Westfield</u>. Dkt. No. 11 at 13. But <u>Ramara</u> applies specifically to cases in which a complaint omits a party because of its immunity under the Workers' Compensation Act. <u>Ramara</u>, 814 F.3d at 678-679. In <u>Ramara</u>, the Court of Appeals interpreted an Additional Insured Endorsement with essentially the same language as that at issue here. <u>Id.</u> at 667. In the underlying state action in that case, the plaintiff had sued the owner and general contractor of a property on which he was working, but did not sue his employer, as it was immune from liability under Pennsylvania's Worker's Compensation Act. <u>Id.</u> at 666. The owner and general contractor brought a federal action against the insurer for the employer, claiming they were covered as additional insureds under the policy. <u>Id.</u> at 674. The insurer argued that the complaint did not name the employer—the primary insured—as a defendant and so did not trigger its duty to defend the additional insureds under the "four corners" rule, citing <u>Dale</u>. <u>Id.</u> at 677.

The Court of Appeals rejected this argument, explaining that, considering the context of the suit and the clear application of the Worker's Compensation statute giving the employer

18

immunity, the state complaint alleged damages caused by the employer. Id. at 678–79. The court made clear that its holding was not a general expansion of the four corners rule, but rather specific to allegations to which the Workers' Compensation Act is relevant. Id. at 679 ("[W]e do not intend our opinion to be read as an expansion or modification of Pennsylvania's strict interpretation of the four corners rule. . . . Rather, we hold that where the Workers' Compensation Act is relevant to a coverage determination, insurers (and the courts that review their determinations) must interpret the allegations of an underlying complaint recognizing that the plaintiff's attorney in the underlying action drafted the complaint taking the existence of the Act into account."). Continental Casualty cites several other cases, but all involve underlying state claims by employees against parties that contracted with the plaintiff's employer, and therefore follow the Ramara Workers Compensation Act rule.[10]

The Ramara rule does not apply here. It is unclear why the McCormicks did not amend their complaint to add allegations against H&R Landscaping, but there is no suggestion from either party before me that Mr. McCormick omitted claims against H&R Landscaping because of Workers Compensation Act immunity. Indeed, it has not been alleged that Mr. McCormick was an employee of H&R Landscaping. Therefore, the Ramara rule does not apply to this case.

Continental Casualty's allegations do not state a claim for breach of a duty under the contract because the absence of any allegations about H&R Landscaping in the McCormick Complaint means that complaint does not trigger Westfield's duty to defend. I will dismiss the claim for breach of contract.

---

[10] See Selective Ins. Co. of Am. v. Indian Harbor Ins. Co., No. 16-1464, 2016 U.S. Dist. LEXIS 81671 (E.D. Pa. June 23, 2016); Old Republic Gen. Ins. Co. v. Scottsdale Ins. Co., No. 15-31, 2016 U.S. Dist. LEXIS 45139 (W.D. Pa. Mar. 30, 2016); Greenwich Ins. Co. v. BBU Servs., Inc., No. 12-291, 2014 U.S. Dist. LEXIS 177246 (W.D. Pa. Dec. 23, 2014).

Continental Casualty's claim for equitable contribution also must be dismissed because pleading equitable contribution requires showing that the plaintiff "is one of several parties liable for a common debt or obligation" and that the plaintiff "discharged the debt for the benefit of the other parties." Great N. Ins. Co. v. Greenwich Ins. Co., 372 F. App'x 253, 255 (3d Cir. 2010). Continental Casualty has not alleged that it and Westfield are both liable for a common debt or obligation. Therefore, I will dismiss this claim as well.[11]

Because Continental Casualty's claims are without legal basis, amendment would be futile and I will dismiss the complaint without leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

An appropriate Order follows.

---

[11] Continental Casualty does not address the viability of this claim in its brief. Dkt. No. 11.